Taft, J.
 

 I concur in the judgment in Case No. 31740, the mandamus case, but dissent from the judgment in Case No. 31739, the injunction case.
 

 
 *39
 
 1 believe that the decision in
 
 State, ex rel. Waltz,
 
 v.
 
 Green, supra,
 
 relied upon in the majority opinion, should not be controlling in the instant case at this stage of the proceeding. The theory of the party attacking the contract in the
 
 Waltz case
 
 was that alternative bidding, as such, was illegal where a right was reserved to select one of the alternatives after all bids were in. It was not established in that case that a bid on one alternative was lower than the bid actually accepted where the two alternatives were substantial equivalents. aIn fact, the courts that considered the
 
 Waltz case
 
 pointed out that the evidence clearly established advantages apart from price of the alternative selected over the only alternative where it might have been claimed that the price was lower.
 

 In the instant case it appears from the record that the court was confrónted with a situation where'there would be no advantage to the city in adopting either of the two alternatives, apart from the amount it was required to pay.
 

 Thus, the petition in the injunction suit reads in part:
 

 “The construction of said runway in asphalt by the Lombardo Bros. Construction Company would complete a runway in full compliance with the design and specifications provided in the ordinance authorizing said improvement and the advertisement for bids made pursuant to terms of the City Charter of the City of Cleveland, and is $68,044.50 lower in cost than the cost of the contract proposed to be awarded to the Loesch & Creen Construction Company; and, further, the construction of a runway in asphalt as designed in the specifications and design for said runway would produce a runway of at least equal quality to the runway designed for construction in concrete; and, further, the runway constructed in asphalt as designed
 
 *40
 
 and specified would complete a runway as good in length of life, maintenance cost, safety, and salvage value, as would be the case of a runway constructed of concrete as designed and specified in said advertisement.”
 

 The only question to be decided by this court at this time is whether the demurrer of the city to the petition of plaintiff taxpayer was properly sustained. That demurrer admits the truth of the facts pleaded in the foregoing quotation from the petition.
 

 If both bidders are admittedly responsible and the asphalt proposal of Lombardo is at least in all respects the equivalent of the concrete proposal of Loesch, I cannot comprehend how the higher bid for concrete can be that, of “the lowest responsible bidder.”
 

 Even though no fraud may be involved, the situation, disclosed by the facts alleged in the petition and admitted by the demurrer, offers a broad opportunity for the exercise of bad judgment, the abuse of discretion or unconscious favoritism, the results of which to taxpayers will be substantially the same as those which would flow from fraud.